UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDDIE ROBINSON,

                 Petitioner,

    V.

SUSAN CONNELL, Superintendent,

                 Respondent

**REPORT AND RECOMMENDATION**
9:03-CV-1151

(LEK/VEB)

---

## I. INTRODUCTION

On September 18, 2003, Petitioner, Eddie Robinson, filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner alleges that his conditional and maximum release dates from prison were calculated incorrectly, resulting in his illegal detention beyond his conditional release date, in violation of the Fourteenth Amendment of the United States Constitution.[2] (Docket No.1). The relief sought in the Petition is Petitioner's immediate release from prison. (Id.).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for a report and recommendation. (Docket No. 45).

---

[1] Robinson's petition was later recharacterized by Judge Randolph F. Treece as a 28 U.S.C. § 2254 petition. See (Docket No. 23, 25).

[2] Petitioner does not contest the lawfulness of his conviction or sentence. (Docket No. 1 at 2).

## II.  REPORT AND RECOMMENDATION

According to the Department of Correctional Services website[3], Petitioner was conditionally released from custody to parole on December 4, 2006.  As such, Petitioner's release raises the question of whether this petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution.[4]

As with all litigants in federal court, Petitioner must satisfy the case or controversy requirement of Article III, § 2, of the Constitution in order to be eligible for relief.   A case becomes moot if, *at any stage* of the proceedings, it fails to satisfy the case-or-controversy requirement.  Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir. 2004) (emphasis added), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) and Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir. 2004).

In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.  So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (internal quotation marks omitted) (citing, Spencer, 523 U.S. at 7 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y. 2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002).

The Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists.  Spencer v. Kemna, 523 U.S. 1, 8

---

[3] http://www.docs.state.ny.us

[4] A summary of the facts and background of the criminal case and the filing of the petition is unnecessary because Petitioner does not challenge his underlying conviction or sentence.

(1998). In this case, Petitioner only challenges the calculation of his release date, not his underlying conviction. (Docket No.1). Additionally, Petitioner has obtained the relief requested in his Petition, namely, release from prison. Accordingly, because no presumption applies, Petitioner must prove the existence of a concrete and *continuing* injury as a consequence of the alleged miscalculation of his release date. Spencer, at 7.

Therefore, this Court issued an Order on July 30, 2007, requesting Petitioner file a Memorandum of Law demonstrating what concrete injury, if any, he continues to suffer as a result of the miscalculation of his release date that can be remedied by the granting of a writ, now that he has been released. (Docket No. 46). On September 13, 2007, Petitioner filed his Memorandum of Law. (Docket No. 47). In Petitioner's Memorandum, he cites various health problems he has had, which he claims demonstrate a concrete injury that continues as a consequence of his detention. (Docket No. 47). However, money damages for alleged physical injuries or medical problems cannot be remedied by the issuance of a writ of habeas corpus. Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999)(citing Preiser v. Rodriguez, 411 U.S. 475 (1973).

Thus, as a result of his release to parole from custody, the Court finds that Robinson's petition is moot because it no longer satisfies the case or controversy requirement of Article III, § 2 of the U.S. Constitution. Kamagate v. Ashcroft, 385 F.3d 144, 150 (2d Cir.2004), (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); accord Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir.2004); Swaby v. Ashcroft, 357 F.3d 156, 159-60 (2d Cir.2004)). Moreover, Petitioner has failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by writ. So v. Reno, 251 F.Supp.2d 1112,

1120 (E.D.N.Y.2003) (internal quotation marks omitted and emphasis added) ( citing, Spencer, 523 U.S. at 7, 118 S.Ct. 978, 140 L.Ed.2d 43 and Gonzalez v. INS, 2002 WL 31444952, at *3 (S.D.N.Y.2002)); see also, Perez v. Greiner, 296 F.3d 123, 125 (2d Cir.2002).

Accordingly, Petitioner's claim for habeas relief based upon a miscalculation of his release date should be DISMISSED as moot.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Eddie Robinson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:	September 28, 2007

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).


SO ORDERED.

September 28, 2007

_____

Victor E. Bianchini
United States Magistrate Judge